## ADAMS vs. COHEN.

*Fourth District Court, for San Francisco Co., November,* 1857.

### REFEREE—STIPULATION—REPORT.

In an equity suit where some of the issues of fact were tried before a jury and those remaining by order of court and consent of parties, refered to a referee with instructions to report the testimony etc., it is illegal to change the referee without the consent of the court or all the parties interested.

References of this kind are for the information of the court; to be considered in connection with the verdict in making final decree and judgment, and the testimony should be reported in full in the form of depositions.

Inasmuch as the verdict of a jury in an equity case, may or may not be adopted by the court as its finding, *semble* that this doctrine may be applied to the report of a referee or to any part thereof.

The facts are fully set forth in the opinion.

*T. W. Park,* for plaintiff.

*Hoge & Wilson,* for defendent.

*Saunders & Hepburn,* for receiver Naglee.

HAGER, J.—This is an action in equity against the defendant, the former receiver in the suit of *Adams* vs. *Haskell & Woods,* still pending in this court. The complaint alleges that defendant received into his possession, as the receiver of this court, certain promissory notes, bills, coin, gold dust, &c., particularly specified; that he was removed from his office, and a new receiver has been appointed; that since the removal defendant has neglected and refused to surrender to his successor in office, the property, &c., that came into his possession as receiver, and to render a just account of his doings in the matter of the trust; and that this action was instituted with consent and authority of this court. Among other things, plaintiffs ask that defendant may be compelled to deliver to the new receiver the property aforesaid, and that an account be taken of the defendant's receipts and disbursements, and he be decreed to pay the balance of money found against him, claimed to be $450,000. After defendant answered, issues were made up and submitted to a jury to find the amount of coin, gold dust, &c., that came to defendant's hands, as receiver, upon which a verdict was obtained fixing the amount. The remaining issues of fact, in-

cluding those in regard to the notes, bills, &c., that went into defendant's possession, were referred by the court, with the consent of parties, to Wm. Duer, Esq., to report the evidence and facts, &c.

Subsequently, as appears by a stipulation signed by the attorneys of the defendant, and the new receiver, Gilbert A. Grant, Esq. was substituted as the referee, in place of Mr. Duer.

This change of the referee was without the sanction of the court, or, so far as appears, the attorneys of Adams, Haskell, or Woods, or the creditors interested in the fund. Heretofore, I have held, it was the duty, as well as the interest, of the plaintiff to assist in putting a receiver in possession of the property belonging to the estate he represents. The attorneys of the plaintiffs in the suit in which the receiver was appointed, took an active part in this action before and at the trial of the issues before the jury, and were entitled to be heard, in making a selection or change of the referee, and before him after it was made. This change of the referee was illegal and without authority, and only binds those that consented.

The jury having passed upon the question how much coin, &c. went into the hands of the defendant, left the remaining issues as to the notes, &c. undisposed of, and these were referred to Mr. Duer, to report the evidence, with his finding of facts thereon, not as the copy of the order among the papers returned by the referee reads, "his conclusion of law thereon."

The object of the reference was to have the whole facts before the court for its information, to be considered in connection with the verdict, that the court might come to a proper conclusion after argument preliminary, and with a view to a final decree and judgment.

The most material issues referred, as far as respects plaintiffs' relief, appear to have been entirely disregarded, from the fact that no evidence was given or offered on the part of the plaintiffs to sustain them. On the part of the defendant, witnesses were sworn and examined in regard to his disbursements and the value of his services and extracts from the minutes, and a number of documents from the files of the court, were introduced for purposes I am unable to determine. The referee has omitted to have a jurat and certificate, or the signature of the witnesses annexed to the several depositions, which in this case (the order being to report the evidence,) was necessary to give them

validity. In regard to the minutes and documents from the files of this court, it may be said that the judge takes judicial notice of these, and should best know and be able to determine their contents and condition. It is foreign to the object of this reference, to have the referee report facts and conclusions based upon the records of the court, either in regard to the appointment, acts or proceedings of the defendant as receiver, or as to what has been reported by another referee, upon the matter of settlement of defendant's accounts. Those records will speak for themselves, and can be referred to at any state of proceeding, so far as may be necessary for the due administration of justice. To illustrate the errors the referee has fallen into by undertaking to inform the court, in regard to its record, it is only necessary to state that the one prior report referred to by the referee, was set aside, and after a second order of reference was made, defendant left the State—neglected to proceed under it and embarassed the hearing so that nothing was done until, so far as the court is informed, long after the commencement of this suit, and the report thereon has never been confirmed.

The referee's conclusions of law are more extraordinary than the finding of facts ; substantially they are as follows :

1. That defendant should be allowed disbursements made as receiver, which the referee finds to be $18,704 53-100.

2. That he is entitled to compensation for his services, which is found to be of the value of $10,000.

3. That the order of reference heretofore made to pass the defendant's accounts, is a good defense to this action, and entitles him to a judgment.

4. That the defendant in his answer has set up a legal defense, and the action cannot be maintained.

If the referee had possessed the power, and deemed it proper to set aside the verdict of the jury heretofore rendered, the whole case might have been summarily disposed of by a confirmation of the report, and the entry of a judgment for the defendant; but then a question might arise whether or no it should be for the sum of $28,704 53-100, as found due for disbursements and services, or generally on the ground indicated in the fourth conclusion. The report, as it stands, is neither clear nor intelligible, and I am uncertain what might be the effect of the

confirmation, as a whole, and I cannot well adopt it in part. The supreme court have held that the verdict of a jury in an equity case, may or may not be adopted as its finding by the court, and probably this doctrine may be applied to the report of a referee, or any part thereof.

It is clear to my mind, that the finding of facts and conclusions of law go beyond the scope of the reference, and are not in conformity with its command; as a whole I cannot confirm or adopt it as the finding of the court. I have considered whether I might adopt it, so far as relates to the value of services, and the amount of disbursements of the defendant, but the question of the value of services was not referred, and I find upon examination of the account, as reported and passed, a considerable proportion of the amount allowed the defendant for disbursements, is for payments made by him after he was out of office, and that it is charged against the fund in court without authority; these, therefore, cannot be allowed.

The subject matter of the third and fourth conclusions of the referee will probably come before the court as questions of law, not of fact upon the final hearing.

Whether or no the effect of the report will operate to preclude the plaintiff, from the farther prosecution of the issues of fact submitted by the order of reference, from the fact that they have failed, or neglected to proceed to introduce proofs before either Mr. Duer or his substitute, may be considered hereafter should it be necessary, independent of the report itself. I have concluded to set aside the report, without prejudice to the rights of the parties.